**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

FATIMA EMINZADA                                    CIVIL ACTION NO. 26-2211

VERSUS                                             JUDGE S. MAURICE HICKS, JR.

MICHA NEAL, WARDEN/FACILITY                        MAGISTRATE JUDGE MCCLUSKY
ADMINISTRATOR, SOUTH LOUISIANA
ICE PROCESSING CENTER, ET AL.

**MEMORANDUM ORDER**

Before the Court is an "Emergency Motion for Temporary Restraining Order and Preliminary Injunction Seeking Release from Civil Immigration Detention, or Alternatively Emergency Medical Relief" (Record Document 7) filed by habeas Petitioner, Fatima Eminzada ("Petitioner"). Petitioner is a 24-year-old citizen and national of Azerbaijan. See Record Document 1 at 8. She was first detained in Florida on April 4, 2026. See id. at 9. She is currently detained at the South Louisiana ICE Processing Center in Basile, Louisiana. See id. Petitioner had a bond redetermination hearing on May 14, 2026 and was denied bond. See id. at 12. An immigration judge denied her renewed motion for bond on June 12, 2026. See id. at 17. She filed a timely appeal with the Board of Immigration Appeals on June 22, 2026. See id. That appeal remains pending. See id. There is no final removal order in this case. See id. at 3.

Petitioner is in her first trimester of pregnancy . See id. at 9. She alleges that while she was in custody in Florida, "government medical personnel learned that she was pregnant and conducted pregnancy-related testing." Id. ICE medical records from the South Louisiana ICE Processing Center show that Petitioner's pregnancy was recognized by May 11, 2026. See id. The records further show that she was prescribed prenatal

vitamins and Levothyroxine, her hypothyroidism was placed on the problem list, and the "pregnancy [was] complicated by hypothyroidism, possible UTI, and mild anemia." Id. at 8-9.

In her Habeas Petition, Petitioner challenges the legality of her continued detention under the Fifth Amendment and seeks immediate release. See id. at 28. Alternatively, she requests a "constitutionally adequate renewed bond hearing." Id. Petitioner further seeks immediate access to adequate pre-natal and high-risk pregnancy care during the pendency of her Habeas Petition. See id. at 29.

In the instant emergency motion, Petitioner seeks a temporary restraining order ("TRO") and preliminary injunction requiring her release from civil immigration detention under reasonable supervision, or, in the alternative, immediate medical and custody safeguards pending further proceedings. See Record Document 7 at 1-2. She asks the Court to enjoin Respondents from transferring her to another facility or removing her from this District while her motion is pending. See id. at 8. Finally, if immediate release is not ordered, Petitioner requests the Court to require the following:

> [R]equire Respondents within 24 to 48 hours to transport Petitioner for outside obstetric and endocrinology evaluation; obtain repeat TSH, Free T4, CBC, and any clinically indicated pregnancy-related testing; implement medication adjustment as clinically indicated; and file a medical-status report under seal;
>
> Order Respondents to produce pregnancy-related custody review records, weekly reevaluation records under ICE Directive 11032.4, medical monitoring records, transfer-related medical records, and records identifying any legal prohibition on release or exceptional circumstances justifying continued detention.

Id. at 8.

2

An applicant for a Temporary Restraining Order or a Preliminary Injunction must demonstrate each of the following: (1) a substantial likelihood her cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest. See Misquitta v. Warden Pine Prairie ICE Processing Center, 353 F. Supp.3d 518, 521 (W.D. La. Nov. 16, 2018) (citing Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny an emergency injunction lies in the district court's discretion. See Moore v. Brown, 868 F.3d 398, 402 (5th Cir. 2017). And courts should deny such motions more often than not. See Albright v. City of New Orleans, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); see also Suburban Propane, L.P. v. D & S GCTX LLC, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); see also Anderson v. Jackson, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

In this case, Petitioner seeks further injunctive relief that mirrors the relief requested in her Habeas Petition, that is, immediate release. Another judge within this District decided a similarly situated case, stating:

> The Supreme Court, very recently, reminded lower courts that preliminary injunctions are, as their name suggests, preliminary and should "not conclusively resolve legal disputes." Lackey v. Stinnie, 604 U.S. 192, 200 (2025). In other words, they should not be used to rule on the final, merits question.
> Rather, TROs and preliminary injunctions help "preserve the status quo until a trial" or other final disposition is rendered. Id. at 193. That begs the question: what does it mean to preserve the status quo? While the

3

words "status quo" do not appear within Rule 65 . . . , it is implicit in the "irreparable harm" prong.  . . .  Irreparable harm must also take away "the court's ability to render a meaningful decision on the merits." Canal Auth. of the State of Florida v. Callaway, 489 F.2d 567, 573 (5th Cir. 1974); see also Samuel L. Bray, The Purposes of the Preliminary Injunction, 78 Vand. L. Rev. 809, 823–26 (2025) (concluding the same after probing Founding-era sources). Put differently, "[t]here is always a status quo. There should not be a preliminary injunction to protect it, however, unless the court's ability to render a meaningful decision on the merits would otherwise be in jeopardy." Callaway, 489 F.2d at 573.

Pema Sherpa v. Judith Almodovar, et al., No. 3:25-CV-01718 SEC P, 2026 WL 74401, at *2 (W.D. La. Jan. 9, 2026).  A ruling on the instant Motion should not resolve the legal disputes in this case.  Thus, to the extent Petitioner asks for an order of immediate release from custody, the Court views this request as an effort to obtain a ruling on the merits of her Habeas Petition through injunctive relief. Petitioner's motion for injunctive relief is essentially a motion to decide the habeas petition now. See Garcia-Aleman v. Thompson, No. SA-25-CV-00886-OLG-HJB, 2025 WL 3769302, at *1 (W.D. Tex. Oct. 30, 2025). The issues raised in the motion are more appropriately addressed through the ordinary adjudication of the habeas petition.

As for the request to prohibit transfer, "[m]ere speculation or conclusory allegations of an irreparable injury are insufficient to entitle a movant to injunctive relief." Lotter v. Lyons, 2025 WL 2946630, at *1 (W.D. Tex. Aug. 22, 2025). Petitioner fails to show a likelihood that she will be transferred to another facility. Additionally, this Court's jurisdiction attaches with the filing of the habeas petition and is not destroyed by any subsequent transfer. See Pena Ramirez v. Noem, No. H-25-5484, 2025 WL 3443186, at *2 (S.D. Tex. Dec. 1, 2025) (citing Griffin v. Ebbert, 751 F.3d 288, 290 (5th Cir. 2014)). The Court is reluctant to set a precedent that would interfere with the government's need to transfer any immigration detainee with a pending habeas petition.

4

The Court notes Petitioner's allegations regarding her pregnancy and her alternative request for transport to an outside obstetric and endocrinology for evaluation. Without expressing any opinion on the merits of those allegations, the Court finds that a status report regarding Petitioner's current medical condition and treatment is appropriate. Respondents are ordered to filed a medical-status report under seal no later than **July 8, 2026**. The Court will review the report and decide if a telephone status conference is necessary.

Accordingly,

**IT IS ORDERED** that Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Record Document 7) is **DENIED**.

**IT IS FURTHER ORDERED** that Respondents shall file a medical-status report no later than July 8, 2026 addressing Petitioner's current medical conditions, any medical evaluation or treatment provided to Petitioner, and Petitioner's current access to medical care while detained.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 1st day of July, 2026.

_____

JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT